# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 13, 2022

Lyle W. Cayce
Clerk

No. 21-60004
Summary Calendar

Jennifer Lisbeth Garcia-Hernandez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 684 905

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Petitioner Jennifer Lisbeth Garcia-Hernandez is a native and citizen of Honduras. She petitions for review of the decision by the Board of Immigration Appeals (BIA) dismissing her appeal from the denial by the immigration judge (IJ) of her application for asylum, withholding of removal,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60004

and protection under the Convention Against Torture (CAT). The BIA affirmed the IJ's conclusion that Garcia-Hernandez failed to show that the harm she suffered in the past, and that she fears in the future, was or would be based on her membership in a cognizable particular social group (PSG).

We lack jurisdiction to consider Garcia-Hernandez's contention that she did or would face harm on account of her anti-gang political opinion because she did not raise that argument before the BIA. 8 U.S.C. § 1252(d)(1); *Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009). Garcia-Hernandez has also failed to raise, and thereby abandoned, any challenge to the resolution of her CAT claim or to the BIA's refusal to consider her proposed PSG of "women in Honduras." *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

The BIA did not err in concluding that Garcia-Hernandez's proposed PSG of "females targeted by gang members in Honduras" is fatally circular in that it is defined primarily by the persecution that the group members suffer. *Jaco v. Garland*, 24 F.4th 395, 405 & n.4, 407 (5th Cir. 2021) (holding that a PSG's "immutable characteristics must make the group sufficiently particularized and socially distinct without reference to the very persecution from which its members flee").

The petition for review is DENIED in part and DISMISSED in part.